UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| LELAND FULMER, | ] |
| Plaintiff, | ] |
| vs. | ] CV-07-CO-00130-J |
| DAL-TILE CORPORATION, *et al.*, | ] |
| Defendants. | ] |

MEMORANDUM OF OPINION

I.     Introduction.

The Court currently has for consideration defendants Paula Lollar, Joe Hocutt, and Greg Guenin's Motion to Dismiss (Doc. 1, p. 27), defendant Dal-Tile Corporation's (hereinafter referred to as "Dal-Tile") Motion for Partial Dismissal (Doc. 1, p. 31), defendant Dal-Tile's Motion to Sever and Remand (Doc. 5), and Plaintiff Leland Fulmer's Motion to Remand (Doc. 6).  Plaintiff filed his complaint on December 4, 2006, in the Circuit Court of Fayette County, Alabama, naming as defendants the above-mentioned parties as well as Keller HCW GmbH (hereinafter referred to as "Keller").  (Doc. 1.)

II.     Facts.[1]

Plaintiff Leland Fulmer alleges that his son, Danny Fulmer, was killed while operating a machine manufactured by Keller while he was employed by Dal-Tile.  Plaintiff's complaint asserts claims for negligence/wantonness, violations of the Alabama Extended Manufacturers Liability Doctrine, breach of implied warranty of merchantability, failure to warn, and workers' compensation.  (Doc. 1.)  The Court notes that Plaintiff has agreed to the dismissal of Counts Two, Three, Four, and Five as to defendants Lollar, Hocutt, and Guenin.  (Doc. 10, p. 1.)  Plaintiff has also agreed to dismiss all claims against Dal-Tile except those claims included in Count Five for workers' compensation benefits.  *Id.* at 5-6.

Plaintiff and defendants Lollar, Hocutt, and Guenin are all resident citizens of the State of Alabama.  The case was removed by defendant Keller on January 17, 2007, based on 28 U.S.C. § 1332, diversity of citizenship.  (Doc. 1.)  Keller argues that Lollar, Hocutt, and Guenin were fraudulently joined solely to defeat diversity of citizenship.

---

[1] Unless otherwise stated, the facts have been taken from the facts as they are set out in the plaintiff's complaint.

III.    Standard for Remand.

"Federal Courts are courts of limited jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Federal courts only possess the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *Id*.  For removal to be proper, the Court must have subject-matter jurisdiction in the case.  "Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).  Additionally, removal statutes must be strictly construed against removal, and any doubts should be resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

IV.    Discussion.

Defendant Dal-Tile moves this Court for an order severing Plaintiff's claim against it seeking workers' compensation benefits and remanding it to state court for further proceedings.  (Doc. 5.)  The Court notes, however, that before it can sever that count thereby creating jurisdiction over the

remainder of the case, the Court must have the authority to act. As the Supreme Court declared many years ago, "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1869).

It is true that,

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

However, in the instant case, the removing defendant, Keller, contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) not § 1331 (federal question). The plain language of § 1441(c) cannot be applied to this case as it was not removed pursuant to federal question jurisdiction. Plaintiff could not have originally filed his Complaint in federal court because it contains allegations that he is entitled to relief under Alabama's workers' compensation laws against defendant Dal-Tile. Thus, the Court does not have the jurisdiction to sever Plaintiff's

workers' compensation claim against Dal-Tile and thereby create the jurisdiction to hear the balance of the case.

Plaintiff's case is also due to be remanded because Keller has not demonstrated that there is complete diversity.  This action was removed by defendant Keller pursuant to diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. 1.)  Even though Plaintiff and defendants Lollar, Hocutt, and Guenin are all residents of the State of Alabama, Keller argues that the resident defendants' citizenship should not be considered because they were fraudulently joined.  *Id.* at 5.  Keller offers that Plaintiff's complaint fails to allege that the conduct of defendants Lollar, Hocutt, and Guenin was willful.  *Id.*

This Court is free to disregard the citizenship of any defendant it determines has been fraudulently joined.  *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).  In *Triggs*, the Eleventh Circuit Court of Appeals described three situations when a defendant can be considered to have been fraudulently joined:

> Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. Joinder has been deemed fraud-

>ulent in two situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), superceded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *Coker*, 709 F.2d at 1440. In *Tapscott*, 77 F.3d at 1355 (11th Cir. 1996), a third situation of fraudulent joinder was identified—i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Id*.

"The burden of the removing party is a 'heavy one.'" *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (quoting *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A 1981)).  In determining whether a case should be remanded, the district court must evaluate all factual allegations in the light most favorable to the plaintiff, and it must resolve all uncertainties regarding the facts of the case and state substantive law in favor of the plaintiff.  *Id*.  The court bases these determinations on the plaintiff's pleadings at the time of removal.  *Id*.

A plaintiff must show that the potential for legal liability is "reasonable" and "not merely theoretical." *Legg*, 428 F.3d 1317, 1324 n. 5 (11th Cir. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 1992)). He is not required to have a winning case against a resident non-diverse defendant, but he must have at least a *possibility* of stating a valid cause of action in order to defeat arguments of fraudulent joinder. *See, e.g., Triggs*, 154 F.3d at 1287. As stated above, the only claim Plaintiff intends to pursue against the resident defendants is Plaintiff's claim for "negligence/wantonness" based upon co-employee liability. Co-employee liability under Alabama's laws requires a plaintiff to prove that the injury sustained was a result of the "willful" conduct of the co-employee(s). *Turnbow v. Kuston Kreation Vans*, 535 So. 2d 132, 134 (Ala. 1988) (citing Ala. Code §§ 25-5-11(b)). Defendants argue that "[n]one of the causes of action filed by the Plaintiff against these individuals rise to the definition of the word 'intentional' as contained in Ala. Code § 25-5-11." (Doc. 1, p. 27.)

It appears to the Court that Plaintiff has, in fact, set forth allegations which support a claim for "willful" conduct sufficient to support a claim for co-employee liability.  Paragraph Nine of Count One reads:

> In addition to the Negligence allegations outlined in paragraphs 1-8 of this Count, Defendants *consciously* performed the acts or omissions with *knowledge* of the existing conditions and *consciously* acted or failed to act *knowing* that injury or death would likely or probably result.  Defendants are guilty of wanton conduct by acting with reckless indifference to the consequences and by *consciously and intentionally* committing the wrongful acts or omissions outlined in paragraphs 1-8 of this Count.

(Doc. 1, p. 20 (emphasis added).)  Plaintiff points the Court's attention to Black's Law Dictionary which defines "willful" as "proceeding from a conscious motion of the will; voluntary; knowingly; deliberate . . . intentional; purposeful."   Black's Law Dictionary, 6th Ed. 1990.  Furthermore, the Alabama Code defines "willful conduct" in this context as follows:

> (c) As used herein, "willful conduct" means any of the following:
>
> (1) A purpose or intent or design to injure another; and if a person, with knowledge of the danger or peril to another, consciously pursues a course of conduct with a design,

>  intent, and purpose of inflicting injury, then he or she is guilty of "willful conduct."

Ala. Code § 25-5-11(c)(1).  Construing the language of Plaintiff's complaint liberally, the Court is of the opinion that Paragraph Nine of Count One sets forth sufficient statements of knowledge, consciousness, and wilfulness to meet the "exceedingly low" requirement of notice pleading as to defeat Keller's allegations of fraudulent joinder.

V.    Plaintiff is Entitled to Costs and Expenses.

Pursuant to 28 U.S.C. § 1447(c), Plaintiff is entitled to the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of [Keller's improper] removal." *Id.*  The Court finds that Plaintiff is entitled to costs and expenses in the amount of one thousand dollars ($1,000.00) as a result of the removal of this action.

VI.   Conclusion.

Plaintiff could not have originally filed this action in federal court. This Court does not have jurisdiction over the claims against the defendants in this case.  The only motion this Court has jurisdiction to determine is Plaintiff's Motion to Remand (Doc. 6) and it is due to be granted.  The

pending motions to dismiss and to sever will remain pending for determination by the appropriate state court. This case will be remanded to the Circuit Court of Fayette County, Alabama.

Done this <u>18th</u> day of <u>April 2007</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153